IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-543-ECM |
| | ) | [WO] |
| DISMASS CHARITIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Shirley Dean ("Dean"), who is proceeding *pro se*, brought this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 1).  On August 18, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed because Dean failed to exhaust administrative remedies. (Doc. 12).  On August 26, 2025, Dean filed a "Response to Order to Show Cause," which the Court construes as objections to the Recommendation. (Doc. 13).  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Dean's objections, the Court concludes that Dean's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

In her complaint, Dean claims that the allegedly discriminatory employment action occurred on October 22, 2023 (doc. 1 at 2, para. 8), and that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2025 (*id.* at 2, para. 11). The Magistrate Judge recommends dismissal of this action without prejudice because Dean failed to file a Charge of Discrimination with the EEOC within 180 days of the challenged employment action. (Doc. 12 at 3); *see* 42 U.S.C. § 2000e-5(e)(1). The Magistrate Judge further concluded that Dean was not entitled to equitable tolling of the filing deadline because she failed to show that she had diligently pursued her rights or that the delay was beyond her control. (Doc. 12 at 4); *see Hogan v. Sec'y, U.S. Dep't of Veterans Affs.*, 121 F.4th 172, 178 (11th Cir. 2024) ("The party seeking

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

[equitable] tolling must prove (1) that she has been 'pursuing h[er] rights diligently,' and (2) that some 'extraordinary circumstance' prevented timely filing." (second alteration in original) (quoting *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 985, 971 (11th Cir. 2016) (en banc))).

In her objections, Dean contends that she "reasonably relied on her attorney to properly file the EEOC charge," and that she contacted the EEOC in April 2025 and learned for the first time that her attorney had failed to file the charge within the required 180-day period. (Doc. 13 at 1). According to Dean, the failure to timely file the charge was "solely the result of attorney neglect," and she has "acted diligently and in good faith at all times." (*Id.*). The Eleventh Circuit has been clear, however, that "[m]ere attorney negligence does not justify equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The employment action of which Dean complains occurred on October 22, 2023, and thus the deadline to file an EEOC charge passed on April 19, 2024. Yet, according to Dean, she did not contact the EEOC until April 2025—approximately one year later. On this record, the Court concludes that Dean has failed to show that she pursued her rights diligently or that some "extraordinary circumstance" prevented her from timely filing the EEOC charge. *See Hogan*, 121 F.4th at 178 (concluding that the plaintiff was not entitled to equitable tolling of an administrative filing requirement where she mistakenly believed her attorney had filed the administrative complaint and she waited approximately nine months to follow up). Consequently, Dean's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.    Dean's objections (doc. 13) are OVERRULED;

2.    The Recommendation of the Magistrate Judge (doc. 12) is ADOPTED, and this case is DISMISSED without prejudice;

3.    All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 31st day of March, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE